UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                           Plaintiff,

v.                                               Criminal Action No. 3:21-cr-125-DJH

TYRONE TRUMBO, JR.,
RONALD GOFF, and
KAMAL SHAHAM,                                                    Defendants.

\* \* \* \* \*

## MEMORANDUM OF CONFERENCE AND ORDER

A telephonic status conference was held in this matter on December 8, 2021, with the following counsel participating:

| | |
|---|---|
| For the United States: | Marisa Ford |
| For Defendants: | Tricia Lister |
| | Ashlea Hellmann |
| | Morgan Paul Rueckert |
| | John Caudill |

The Court and counsel discussed the procedural posture of the case, which was previously declared complex. (Docket No. 27) Counsel informed the Court that discovery is extensive and ongoing. Based on the discussion during the conference, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     By agreement of the parties, this matter is set for trial by jury on **March 28, 2022, at 9:30 a.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky. Counsel shall be present in court by 9:00 a.m. The expected length of trial is five days.

(2)     Pursuant to 18 U.S.C. § (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from December 8, 2021 to March 28, 2022 is excludable**

**in computing the time within which the trial must commence under the Speedy Trial Act**.

The Court further finds that the ends of justice served by this delay outweigh the best interests of

the public and the defendants in a speedy trial because failure to grant such a continuance would

deny the defendants the reasonable time necessary for effective preparation, taking into account

the exercise of due diligence.  *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489

(2006).  This continuance is not being granted "because of general congestion of the court's

calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the

attorney for the Government."  § 3161(h)(7)(C).

      (3)      <u>Pretrial discovery and inspection</u>.

      (a)      The Court presumes the parties' compliance with prior Orders as to initial

disclosures and discovery.  (*See* D.N. 14; D.N. 17; D.N. 29)  If additional discovery or inspection

is sought, Defendants' attorneys shall confer with the Assistant United States Attorney with a

view to satisfying these requests in a cooperative atmosphere without recourse to the Court.  The

request may be oral or written, and the Assistant United States Attorney shall respond in like

manner.

> (i)      <u>Jencks Act material</u>.  Jencks Act material pursuant to 18 U.S.C. § 3500 is not required to be furnished to Defendants by the United States prior to trial.

> (ii)      <u>*Brady* (*Giglio*) material</u>.  The United States shall disclose any *Brady* material of which it has knowledge in the following manner:

>> (A)      pretrial disclosure of any *Brady* material discoverable under Rule 16(a)(1);

>> (B)      disclosure of all other *Brady* material in time for effective use at trial.

> If the United States has knowledge of *Brady* evidence and is unsure as to the nature of the evidence and the proper time for disclosure, then it may request an *in camera* hearing for the purpose of resolving this issue; failure to disclose *Brady* material

at a time when it can be effectively used at trial may result in a recess or a continuance so that Defendants may properly utilize such evidence.

> (C)     Rule 404(b) evidence.  Upon service of a request from Defendants for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide notice **within fourteen (14) days of trial** of the general nature of any such evidence it intends to introduce at trial unless the Court excuses pretrial notice upon motion by the United States showing good cause.

**Any motion for additional discovery or inspection** shall be made **no later than 1 month following this Order**, after compliance by the parties with Federal Rule of Criminal Procedure 16.  Any such motion shall contain a certification from counsel that informal, extrajudicial efforts to resolve the discovery dispute have taken place and been unsuccessful.

(b)     If required to be disclosed pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) or 16(b)(1)(C), **any expert testimony** the United States or Defendants intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief, including a summary of the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications, shall be disclosed **no later than 9 weeks prior to trial**.

Any expert testimony either the United States or Defendants intends to use to rebut an expert under Rule 702, 703, or 705 of the Federal Rules of Evidence shall be disclosed **no later than 8 weeks prior to trial**.

(c)     The parties are reminded of the continuing duty under Federal Rule of Criminal Procedure 16(c) to disclose additional discoverable evidence or material previously requested or ordered.

(4)     **All motions to suppress evidence** and any other motion requiring a pretrial hearing, including any motion to exclude the testimony of an expert witness pursuant to *Daubert*

3

*v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed **no later than 7 weeks prior to trial**.

      (5)      **No later than 4 weeks prior to trial**, each party shall file the following:

            (a)      A trial memorandum containing

                  (i)      The statute(s) involved and elements of the offense(s) (with discussion of authorities, if disputed).

                  (ii)      A statement of undisputed and disputed facts.

                  (iii)      A separate statement of each unresolved substantive issue of law, with discussion and citations to authorities.

                  (iv)      A statement of evidentiary issues it is reasonably believed will be raised at trial, together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

                  (v)      A statement of any known or reasonably anticipated potential trial problems, or other issues that may assist the Court in trying the case.

            (b)      Proposed substantive and special jury instructions with citations to authorities.  It is not necessary to submit standard general instructions.  Additional requests at trial are to be kept to a minimum.

            (c)      Proposed voir dire questions.

            (d)      A brief proposed statement of the case suitable for reading to the jury pool at the start of voir dire.

Counsel shall file an exhibit list and premark for identification purposes all exhibits intended to be used at trial.  Counsel shall file a stipulation as to the authenticity of the exhibits.  Any objections to the authenticity of the exhibits shall be heard prior to trial at a time and place to be set by the Court.

The United States shall submit, for the Court's *in camera* review, a proposed witness list with a brief summary of the expected testimony of each witness and an estimate as to the amount of time that will be required to present the testimony in chief of each witness.  The witness list shall be submitted via e-mail to **chambers_judgehale@kywd.uscourts.gov**.

At the commencement of trial, the United States shall furnish the official court reporter a list of premarked exhibits intended to be used at trial.

5

The United States shall retain possession of physical exhibits (e.g., weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

(6)     Any **motions in limine** shall be filed **no later than 3 weeks prior to trial**. **Responses** shall be filed **no later than 2 weeks prior to trial**.  There shall be **no replies**.

(7)     All motions, responses, and replies made pursuant to this Order shall be accompanied by a memorandum and shall conform to and are subject to the requirements and time limitations contained in Local Criminal Rule 12.1, except as otherwise provided herein.

(8)     A final pretrial conference will be set by subsequent order.

(9)     The Court anticipates scheduling an interim status conference by subsequent order.

December 8, 2021

David J. Hale, Judge
United States District Court

Court Time: 00/05
Court Reporter: Dena Legg

cc:     Jury Administrator