UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                 Plaintiff,

v.                                                                    Criminal Action No. 3:21-cr-125-DJH

TYRONE TRUMBO, JR.,
RONALD GOFF, and
KAMAL SHAHAM,                                                                           Defendants.

\* \* \* \* \*

## ORDER

The United States moves to continue the trial of this matter, which was previously declared complex (Docket No. 27), on the ground that it intends to file a Superseding Indictment and has determined that there are additional items that need to be produced in discovery. (Docket No. 37) The motion is unopposed. (*See* D.N. 36) Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The unopposed motion to continue (D.N. 37) is **GRANTED**. The trial set for March 28, 2022, is **REMANDED** from the Court's docket, to be reset by subsequent order. All pretrial dates and deadlines are **VACATED**.

(2)     By agreement of the parties, this matter is set for a telephonic status conference on **March 18, 2022, at 10:00 a.m.** Counsel for the parties shall connect to the telephonic status conference by dialing the toll-free number 1-877-402-9753 and entering access code 9073187#. Counsel should be prepared to discuss a new trial date at that time.

(3)     Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from February 22, 2022, to March 18, 2022, is**

**excludable in computing the time within which the trial must commence under the Speedy Trial Act.** The Court further finds that the ends of justice served by this continuance outweigh the best interests of the public and the defendants in a speedy trial because failure to grant such a continuance would deny the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

February 22, 2022

David J. Hale, Judge
United States District Court

cc:   Jury Administrator