UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                 Plaintiff,

v.                                                               Criminal Action No. 3:21-cr-125-DJH

TYRONE TRUMBO, JR. and
RONALD GOFF,                                                                               Defendants.

\* \* \* \* \*

## MEMORANDUM OF HEARING AND ORDER

A final pretrial conference was held in this matter on June 2, 2022, with the following counsel participating:

    For the United States:    Marisa Ford

    For Defendants:    Ashlea Hellmann
                         Tricia Lister

The Court and counsel discussed the procedural posture of the case, which was previously declared complex. (Docket No. 27) The grand jury returned a superseding indictment against Defendants (D.N. 55), and counsel for Defendant Ronald Goff moved to continue the trial. (D.N. 59) The government and counsel for Defendant Tyrone Trumbo Jr. voiced no objection to the proposed continuance. Based on the discussion during the conference, and the Court being otherwise sufficiently advised, it is hereby

    **ORDERED** as follows:

    (1)    Without objection, the motion to continue the trial (D.N. 59) is **GRANTED**.

    (2)    The trial set for June 21, 2022, is **REMANDED** from the Court's docket, to be reset by subsequent order. All pretrial dates and deadlines are **VACATED**.

(3) By agreement of the parties this matter is hereby **SCHEDULED** for an in-person status conference on **June 22, 2022, at 9:30 a.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky. Counsel shall confer in advance regarding whether to schedule a new trial date or change-of-plea hearing.

(4) Pursuant to 18 U.S.C. § 3161(h)(1)(B), (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from June 2, 2022, to June 22, 2022, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendants in a speedy trial because failure to grant such a continuance would deny the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

June 2, 2022

David J. Hale, Judge
United States District Court

Court Time: 00/25
Court Reporter: Dena Legg

cc:     Jury Administrator