UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                                            CRIMINAL ACTION NO.: 3:21CR00125-DJH

TYRONE D. TRUMBO, JR.                                                                 DEFENDANT

### UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by counsel, Assistant United States Attorney Marisa J. Forf, files its memorandum in support of its sentencing recommendation in this action, currently scheduled for December 14, 2022.

### STATUTORY SENTENCING PROVISIONS

Tyrone Trumbo, Jr. was convicted under Count 1 of distribution of 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He is also convicted of conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of fentanyl; possession with intent to distribute 40 grams or more of a mixture or substance containing fentanyl that was falsely labeled, bore the likeness of, and was represented to be oxycodone; and felon in possession of a firearm. A conviction under Counts 1 and 4 carry a term of imprisonment of not less than 5 years and up to 40 years, a potential maximum fine of $5,000,000, and a term of supervised release of not less than 4 years.

### GUIDELINE CALCULATIONS

The United States Probation Office has prepared a Presentence Investigation Report (PSR), which concludes that the total offense level applicable to the offense should be 31. (DN

92, PSR at ¶ 48 PageID # 441). The PSR also concludes that Trmbo's criminal history score of 10 places him in Criminal History Category V. (*Id*. at ¶ 68, Page ID # 446). Based upon a total offense level of 31 and a criminal history category of V, the guideline imprisonment range is 168-210 months. (*Id*. at ¶ 103, Page ID # 450). The United Statea has no objections to the calculation of the sentencing guidelines set forth Probation's Presentence Investigation Report.

The Plea Agreement in this case is pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (*Id.* at ¶14, Page ID # 436). The Plea Agreement did not contain a calculation of the applicable sentencing guidelines, but the parties agreed that a sentence within the range of 60-120 months is the appropriate disposition of the case. (*Id.* at ¶ 15, Page ID # 437). If the Court adopts the PSR as prepared, imposing a sentence consistent within the range agreed upon by the parties in their Plea Agreement would require a variance from the advisory guideline range.

The defendant has made objections to the Presentence Report that remain to be resolved by the Court at sentencing. Specifically, Trumbo objects to Probation's finding that he maintained a premises as a stash house. (*Id.* at ¶ 40, Page ID # 440). Trumbo also objects to his Criminal History category on grounds that it substantially overstates the seriousness of his prior criminal history. These two objections will have to be resolved by the Court at the sentencing hearing.

## ANALYSIS OF § 3553(A) FACTORS

If the Court overrules Defendant's two objections, and the Presentence Report is adopted as drafted by Probation, this Court must impose a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
    . . .

(5) any pertinent policy statement--
    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Mr. Trumbo has been convicted of distributing 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a schedule II controlled substance, as well as possessing with intent to distribute an equal amount of fentanyl in the form of counterfeit oxycodone pills. The United States recommends a sentence at the high end of the range agreed upon by the parties, or 120 months. A sentence of 10 years, while certainly harsh, still constitutes a variance downward of 48 months from the low end of the advisory guideline range, and will adequately promote respect for the law, provide just punishment for the offenses, protect the public, and deter further criminal conduct.

The United States Sentencing Commissions Judicial Sentencing Information analytic tool at https://jsin.ussc.gov/analytics/saw.dll?Dashboard shows during the last five fiscal years

(FY2017-2021), there were 6 offenders whose primary guideline was §2D1.1 and Fentanyl was the primary drug type, with a Final Offense Level of 31 and a Criminal History Category of V, after excluding offenders who received a §5K1.1 substantial assistance departure. For the 6 offenders (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 144 month(s) and the median length of imprisonment imposed was 161 month(s).

  Mr. Trumbo's current offense of conviction is very serious. Trumbo was using a pill press to manufacture counterfeit pills containing fentanyl.  This conduct is particularly serious because of the potency of fentanyl, and the potential for overdose caused by very small amounts of fentanyl – fatal overdoses can be the result of taking a single pill where the user is unaware that the pill contained fentanyl and believed they were taking another opioid entirely.

  Mr. Trumbo also has a significant criminal history, as reflected by his criminal history category of V.  Trumbo's criminal history began at age 18, and has continued nearly unabated to age 36, although he has never been sentenced to any significant sentence of imprisonment as a result of his state court prosecutions.  This case finds him in federal court for the first time facing a mandatory minimum sentence.

  There are some mitigating factors in Mr. Trumbo's favor including the fact that prior to his arrest in this case he had been gainfully employed for some time by an employer who found him to be an asset. In addition, when he was advised that the pills he was selling were making people sick, he advised the distributor, the co-defendant Ronald Goff, not to sell any more of the pills.  Finally, the evidence indicates that Trumbo had not been active for long in the production and sale of counterfeit pills before the DEA made two controlled buys from him, then shut down his operation through the execution of search warrants and seizure of the pills presses in the stash house.

CONCLUSION

For the reasons set forth herein, the United States respectfully requests the Court to sentence the defendant to 120 months' imprisonment, followed by a 4-year term of supervised release.  A 120-month sentence, which falls at the high end of the guideline range agreed upon by the parties in their Plea Agreement, is substantial and necessary to adequately promote respect for the law, provide just punishment for the offenses, protect the public, and prevent Mr. Trumbo from committing new offenses.

Respectfully submitted,

MICHAEL A. BENNETT
United States Attorney


/s/ *Marisa J. Ford*
Marisa J. Ford
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky  40202
PH:  (502) 582-5930
Marisa.ford@usdoj.gov